**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| DAVID BARRON, | : | Case No. 1:23-cv-591 |
| | : | |
|     Petitioner, | : | |
| | : | |
| vs. | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| JENNY HILDEBRAND, WARDEN | : | |
| MADISON CORR. INSTITUTE, | : | |
| | : | |
|     Respondent. | : | |

**REPORT AND RECOMMENDATION**

This habeas corpus matter is before the undersigned Magistrate Judge to consider whether Petitioner has fully complied with the Court's deficiency orders. For the reasons that follow, the Undersigned concludes that he has not, and **RECOMMENDS** that the Court **DISMISS** this action without prejudice for failure to prosecute.

David Barron, a state prisoner proceeding without the assistance of counsel, submitted his initial filing in this case on September 5, 2023. (Doc. 1, PageID 6). On September 20, 2023, the Court ordered Petitioner to resolve an issue with respect to the filing fee, and also to fill out the standard form habeas corpus petition, to sign it under penalty of perjury, and to submit it to the Court. (First Deficiency Order, Doc. 5).

Petitioner paid the filing fee on October 26, 2023, satisfying the first part of the Court's order. However, Petitioner did not submit a proper standard form habeas corpus petition as ordered. On October 27, 2023, because it appeared that Petitioner may still want to proceed in this case, the Court again ordered Petitioner to fill out the standard form habeas corpus petition, sign it under penalty of perjury, and submit it to the Court within thirty days. (Second Deficiency Order,

Doc. 7).  The Court provided Petitioner with the blank forms he might need to comply with both orders.  (*See* Doc. 5, PageID 13; Doc. 7, PageID 21).  The Court also warned Petitioner in both orders that if he failed to comply, his case may be dismissed for failure to prosecute.  (*Id.*).

Petitioner's standard form habeas corpus petition was due on November 27, 2023.  To date, no petition has been filed, and no further action has been taken in the case.  The Court's mail to Petitioner, who appears to be located at the address listed on the docket,[1] has not been returned.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).  "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'"  *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).  Failure of a party to comply with an order of the Court warrants invocation of this inherent power.  *See* Fed. R. Civ. P. 41(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts.  Here, Petitioner was twice warned that his case may be dismissed if he did not comply with Court's deficiency orders, but he has not fully complied.  (*See* Doc. 5, PageID 13; Doc. 7, PageID 21).

Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** this habeas corpus case, without prejudice to refiling, for failure to prosecute.  *See Foster v. Henderson*, No. 2:23-cv-947, 2023 WL 3764566, at *7 (S.D. Ohio June 1, 2023), *report and recommendation adopted,* 2023 WL 5443895, at *3 (S.D. Ohio Aug. 24, 2023) (collecting cases) ("District courts routinely enforce this standard-form [petition] requirement and dismiss habeas cases when a petitioner fails or refuses to comply with a court order to file a proper petition.").

---

[1] *See* the Ohio Department of Rehabilitation and Correction's website, available at
https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A779330 (last accessed December 18, 2023).

The Undersigned further **RECOMMENDS** that the Court **DENY** a certificate of appealability, as reasonable jurists would not debate whether Petitioner has failed to prosecute his case where he failed to comply with the Court's deficiency orders. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Fitten v. Tennessee*, No. 1:15-cv-1157, 2016 WL 4705599, at \*4 (W.D. Tenn. Sept. 8, 2016) (The law regarding dismissal for failure to prosecute is clear and reasonable jurists would not disagree on its application in this case.").

Finally, the Undersigned **RECOMMENDS** that the Court **CERTIFY** that any appeal of the Court's dismissal would not be taken in good faith, and on that basis **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

Petitioner is reminded that he that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

## NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

3

The parties are specifically advised that failure to object to the R&R will result in a waiver

of the right to have the District Judge review the R&R de novo, and will also operate as a waiver

of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474

U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


December 18, 2023                                    */s/ Peter B. Silvain, Jr.*
                                                     PETER B. SILVAIN, JR.
                                                     UNITED STATES MAGISTRATE JUDGE