IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

DAVID BARRON,

        Petitioner,      :     Case No. 1:23-cv-591

 - vs -                                   District Judge Susan J. Dlott
                                         Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

                                     :
        Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner David Barron under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Stay this case pending the outcome of Sixth Circuit Case No. 2:24-cv-03848 (ECF No. 38). The Sixth Circuit case was generated when the undersigned transferred Case No. 2:24-cv-3848, to the Sixth Circuit as a second or successive habeas corpus petition requiring circuit court permission to proceed because it attacked the same state court judgment from which relief is sought in this case, to wit, the judgment entry issued by the Warren County, Ohio, Court of Common Pleas upon Barron's conviction for trafficking in persons, promoting prostitution, and felonious assault. (State Court Record ECF No. 21, Ex. 12; Warren County Case No. Case No. 20CR36769).

This case is not yet ripe for decision. It is scheduled to become ripe when Petitioner files his reply or traverse; his deadline for doing so is set at September 9, 2024, twenty-four days after Respondent filed her Supplemental Return of Writ (ECF No. 33). If the Court were to grant the

1

requested stay, Petitioner's reply/traverse would not be due until some new date fixed by the Court after the stay is dissolved.

Petitioner's grounds for relief in this case are:

> **Ground One**: The felonious assault charge relating to Rebecca Carnahan [Rose] must be reversed because venue was not properly established.
>
> **Ground Two:** Because the offense of promoting prostitution is more specific than the general offense of trafficing [sic] in persons, which is a general offense, under R.C. 1.51, the specific offense of promoting prostitution must prevail and the convictions for trafficking in persons must be reversed.
>
> **Ground Three:** Defendant must be re-sentenced due to the failure of the trial court to merge allied offenses.
>
> **Ground Four**: Barron convictions and sentence must be reversed because he did not receive effective assistance of counsel.
>
> **Ground Five**: Barron sentence was unconstititonal.
>
> **Ground Six:** The felonious assault conviction against Rebecca Carnahan [Rose] was not supported by sufficient evidence.
>
> **Ground Seven**: Barron's convictions were againse [sic] the manifest weight of the evidence.

(Petition, ECF No. 1).

Petitioner's grounds for relief in Case No. 2:24-cv-3848 are

> **Ground One:** Ineffective Assistance of Counsel (relating to presentation of evidence)
>
> **Ground Two:** Ineffective assistance of counsel (failure to investigate)
>
> **Ground Three:** Ineffective assistance of counsel (failure to hire consulting expert)
>
> **Ground Four:** Ineffective Assistance of Counsel (failure to use relevant and material evidence from Barron's "Text Now" account).

> **Ground Five:** Prosecutorial Misconduct by failure to produce exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83 (1963).

(Petition, ECF No. 1-1, Case No. 2:24-cv-3848).

Petitioner's stated reason for seeking a stay is "since his habeas petitions involved 2 different opinions, that it would be 2 different actions." (Motion, ECF No. 38). It is difficult to understand what Petitioner means. The Warren County Court of Appeals filed an opinion on the direct appeal (State Court Record, ECF No. 21, Ex. 16). The same court filed an opinion (labeled "Entry") when denying Barron's App. R. 26(B) application. *Id.* at Ex. 26. The Warren County Common Pleas Court filed an opinion denying post-conviction relief. *Id.* at Ex. 39. The Court of Appeals filed an opinion when it affirmed denial of post-conviction relief. *Id.* at Ex. 44. Which two of these four opinions is Petitioner referring to?

Current habeas corpus law allows only one habeas corpus action attacking a criminal sentence. A second petition attacking the same judgment can only proceed with permission of the circuit court of appeals which is to be given only on certain conditions. Barron's Petition in Case No. 2:24-cv-3848 does not, in the undersigned's opinion, meet those conditions, but that question must be decided by the Court of Appeals in the first instance. The District Court lacks jurisdiction to do anything in a case it has found to be second or successive until the circuit court acts. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016).

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005). Obviously, a request to file a second or successive habeas petition is not a "state court remedy," so *Rhines* does not authorize the stay now requested. District courts have authority generally to stay proceedings in deference to matters

3

pending in other courts if the decision in the other court will somehow impact the case sought to be stayed.  But Barron's pending case in the Sixth Circuit will not do that.

The claims pleaded in the second habeas case, Case No. 2:24-cv-03848, could all have been brought in the instant case, Case No. 1:23-cv-591, but were not.  If the Sixth Circuit denies Barron permission to proceed with his second case, he could move to amend his Petition in this case to add these new claims.  28 U.S.C. § 2242.  If such a motion were made, the Court would decide it under the general standard for amendments in Fed.R.Civ.P. 15.

However, staying this case pending the Sixth Circuit's decision on the pending second or successive application would not help decide this case and would frustrate the purpose of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") to promote finality.

The Motion to Stay is DENIED.  Petitioner's traverse remains due to be filed September 9, 2024.

September 3, 2024.

s/ *Michael R. Merz*<br>United States Magistrate Judge