# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DAVID BARRON,

                    Petitioner,               :      Case No. 1:23-cv-591

      - vs -                                          District Judge Susan J. Dlott
                                                      Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
   Institution,

                                              :
                    Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner David Barron, is before the Court on

remand from the United States Court of Appeals for the Sixth Circuit. *In re David Barron*, Case

No. 24-3734 (Order of Feb. 5, 2025)(copy at ECF No. 10 in Case No. 2:24-cv-3848 and at ECF

No. 48 in this case).

While this case was pending on a recommendation for dismissal (Report and

Recommendations, ECF No. 41), Petitioner filed a new habeas case under Case No. 2:24-cv-3848.

Understanding that to be a second or successive petition requiring approval for filing from the

circuit court, the undersigned transferred that case to the Sixth Circuit under *In re Sims*, 111 F.3d

45 (6th Cir. 1997), for its consideration under 28 U.S.C. § 2244(b)[1].

---

[1] Upon receipt, the circuit court ordered Barron to file a corrected second or successive motion. He did so, but the court never ruled on the merits of that corrected motion, but directed this Court to consider the original petition in Case No. 2:24-cv-3848 as a motion to amend in this case. That is the document now before this Court rather than Barron's Corrected Second or Successive Motion. No further analysis is offered here of the claims proposed in that Corrected Motion because the circuit court directed our attention instead to the original petition in Case No. 2:24-cv-3848.

The circuit court determined no permission was necessary because this Court should have treated the new petition under the new case number as a motion to amend the Petition in this case. It held:

> Accordingly, we DENY the motion for authorization to proceed with a second or successive § 2254 petition as unnecessary. We REMAND to the district court with instructions to consider the second petition as a motion to amend Barron's first petition. Citing *In re Stevenson,* 889 F.3d 308, 309 (6th Cir. 2018) ("[A] subsequent § 2254 petition filed while the petitioner's initial petition is still pending should be construed as a motion to amend the initial petition under Federal Rule of Civil Procedure 15.").

*In re: David Barron,* 2025 U.S. App. LEXIS 2681 at *2 (6th Cir. Feb. 5, 2025).

Upon remand this Court ordered the new petition in Case No. 2:24-cv-3848 re-docketed as a motion to amend in this case and set a date for Respondent to file a response (ECF No. 45). However, due to clerical error, what was re-docketed was not the Petition from 2:24-cv-3848, but the Petition from 2:23-cv-2997 (See ECF No. 44). To correct that mistake, ECF No. 44 is STRICKEN. It is a duplicate of the original Petition in this case before the case was re-numbered as in the caption above. In lieu of ECF No. 44, the Clerk has re-docketed in this case the original Petition in 2:24-cv-3848 which is the document which the circuit court ordered us to construe as a motion to amend (hereinafter "Second Petition," ECF No. 49).

**Litigation History**

Barron filed the original Petition in this case on September 15, 2023 (ECF No. 1). Magistrate Judge Peter B. Silvain, Jr., to whom the case was originally referred, recommended it be dismissed for failure to prosecute (ECF No. 8). In the absence of any objections, Judge Dlott

adopted the recommendation and dismissed the case on February 14, 2024 (ECF No. 11, 12).  The very next day Barron filed a Petition (ECF No. 13).  District Judge Dlott vacated the dismissal (ECF No. 14) and Magistrate Judge Silvain ordered Respondent to answer (ECF No. 15).  Respondent then filed the State Court Record and a Return of Writ May 21-22, 2024 (ECF Nos. 21 & 22).  As required by Habeas Rule 5, Judge Silvain then set a reply date of August 11, 2024 (ECF No. 26).

Without seeking or obtaining leave of court[2], Barron filed a Supplement to the Petition on July 15, 2024 (ECF No. 28).  Despite the absence of permission, Judge Silvain accepted the Supplement and ordered Respondent to file a supplement to the Return (ECF No. 29).  The Warden did so (ECF No. 33) and the Magistrate Judge reference in the case was then transferred to the undersigned (ECF No. 34).

On the same day the reference was transferred, the undersigned confirmed the reply deadline that Judge Silvain had set, September 9, 2024 (ECF No. 35, PageID 2101).  Barron asked for permission to exceed this Court's usual twenty-page limit on filings and was granted forty pages (ECF Nos. 36 & 37).  Despite that permission, Barron has never filed a document labeled "reply"; instead, he filed a six-page document labeled "Rebut the presumption of correctness of the state court findings in doc #33" accompanied by many pages of the trial transcript (ECF No. 40).  Treating that document as Barron's reply or traverse, the Magistrate Judge recommended dismissal with prejudice (Report, ECF No. 41).

While the Second Petition was pending on transfer to the circuit court, the Magistrate Judge filed a Report and Recommendations in this case recommending the original Petition be dismissed with prejudice (ECF No. 41).  Barron was notified of his right to object (*Id.* at PageID 2208), but

---

[2] Under Fed.R.Civ.P. 15, leave of court was needed because the Warden had answered.

3

never did so.  Accordingly Judge Dlott adopted the Report, entered judgment dismissing the original Petition with prejudice, and denied Barron a certificate of appealability (ECF Nos. 42, 43).  Barron did not appeal.  After the remand order was received, the Court reopened that final judgment for the sole purpose of considering the Second Petition as a motion to amend (ECF No. 47).

In his Second Petition, Barron seeks to add the following grounds for relief:

**Ground One**:  **Ineffective Assistance of Counsel**

**Supporting Facts:** Barron contend[s] that his defense counsel was ineffective for failing to properly view discovery and present relevant and material evidence (text message) labeled "SMS" and "MMS" that were sent from the victim (Alisha Osner) to Barron, the Petitioner.

**Ground Two:  Ineffective Assistance of Counsel**

**Supporting Facts:**  Defense counsel failed to conduct a reasonable/meaningful investigation into the case or Alisha Osner's claims.  Counsel failed to prevent perjured testimony or, in the alternative, counsel failed to use funds provided by the court to hire a consultant expert.

**Ground Three:  Ineffective Assistance of Counsel.**

**Supporting Facts:**  As a reason to waive Petitioner fast and speedy trial, trial lawyer asked the courts to approve funding for a consulting expert and never hired such.

**Ground Four:  Ineffective Assistance of Counsel**

**Supporting Facts:**  The prosecution said that Barron used phone number created through a website called "Text Now."  Defense counsel had access to Barron "Text Now" account and failed to use all the material and relevant messages.

**Ground Five:  Denied due process when the state committed *Brady/Giglio/Strickler* violation by failing to disclose impeachment evidence.**

**Supporting Facts:**  None pleaded.

4

(Second Petition, ECF No. 49, PageID 2246-53).

When the remand order was received, the Court set a deadline for Respondent to react to the Second Petition (Motion to Amend)(ECF No. 45) and she has done so, opposing the Motion (ECF No. 46). Respondent asserts the Motion to Amend was unduly delayed and that granting it would prejudice Respondent by requiring her to file a new answer. She further argues that Barron's proposed new claims are procedurally defaulted or meritless.

The Sixth Circuit has ordered us to treat Barron's Second Petition as a motion to amend. However, the Second Petition was not accompanied by a memorandum supporting amendment, so Barron has taken no position with the Court on the Warden's defenses.

# Analysis

### Standard of Review

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider

whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011)(Frost, J.).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert denied,* 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "[d]elay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989). Denial of a motion for leave to amend the complaint generally is reviewed for abuse of discretion, but denial on the basis of futility is reviewed *de novo*. *Evans v. Pearson Enters., Inc.,* 434 F.3d 839, 853 (6th Cir. 2006).

A motion to amend under Fed. R. Civ. P. 15 is non-dispositive and thus within the

6

Magistrate Judge's decisional authority, subject to appeal to the assigned District Judge. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017)(Dlott, D.J.); *Chinn v. Warden*, 2020 U.S. Dist. LEXIS 94062 (S.D. Ohio May 29, 2020)(Morrison, D.J.).

**Undue Delay**

As noted above, the original Petition was filed in this case on September 15, 2023.

All of the alleged facts in the "Supporting Facts" paragraphs of the Second Petition were known to Barron at the time he was sentenced, December 7, 2020[3]. Therefore he must have known of them when he filed in this Court on September 15, 2023. He has offered no excuse for not including these new claims in the original Petition. The Court already allowed Petitioner to amend by accepting his supplement and deciding it on the merits.

Respondent would be prejudiced by allowing the amendment because she has successfully litigated the case to a favorable judgment on the basis of the claims made in the original Petition and Petitioner has forfeited his opportunity to appeal from that judgment. Therefore the Magistrate Judge finds his Second Petition (Motion to Amend) is barred by his undue delay in asserting these new Grounds for Relief.

**Futility**

Moreover, the amendment would be futile because each of the proposed new Grounds is

---

[3] See Transcript, ECF No. 21, Ex. 10.

barred by Barron's procedural default in presenting it to the Ohio courts or it is without merit.

Petitioner's first four proposed new claims assert ineffective assistance of trial counsel. The governing standard for ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S. 111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

After adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), a habeas corpus court can grant relief on a claim decided on the merits by the state courts only if the state court decision is contrary to or an objectively unreasonable application of clearly established Supreme Court precedent as of the date the state court reached its decision. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams*

9

*(Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer,* 893 F.3d 906, 917 (6th Cir. 2018). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

**Grounds One and Four:  Ineffective Assistance of Trial Counsel**

Barron presented his first and fourth proposed new grounds for relief in his Petition for Post-Conviction relief under Ohio Revised Code § 2953.21.  After the trial court denied his Post-Conviction Petition, he appealed to the Ohio Twelfth District Court of Appeals which held:

> In Grounds 1 and 4 of his PCR petition, appellant argued that his trial counsel was ineffective for failing to properly review discovery, "mount a defense," and present two sets of text messages Amy sent to appellant (the text messages in Ground 4 were sent via the app TEXT NOW). Appellant claimed that presenting those text messages to the jury would have impeached Amy's testimony and shown that he and Amy were in a relationship and that he was not forcing Amy to do things against her will.
>
> The trial court dismissed Grounds 1 and 4 on the ground of res judicata because appellant could have raised the claims of ineffective assistance of counsel on direct appeal. The trial court further found that even if the claims were not barred by res judicata, appellant's PCR petition did not establish a substantive ground for relief. Appellant appeals, arguing the trial court abused its discretion in dismissing Grounds 1 and 4 on the ground of res judicata. Appellant asserts that the text messages he filed with his PCR petition (Exhibits A, B, and C) were not in the trial record and therefore constitute evidence outside the record. The state concedes that the text messages attached to the PCR petition were not part of the trial record.
>
> The record shows that the text messages appellant filed with his PCR petition were provided to trial counsel during discovery but not presented to the jury. During Detective Wyss' testimony, the prosecutor started to show two exhibits marked as State's Trial

Exhibits 1 and 2, consisting of text messages found on appellant's cellphone. Trial counsel objected to the introduction of text messages sent from someone other than appellant. The trial court excluded texts from third parties and instructed the prosecutor to redact the two exhibits. The prosecutor complied and introduced State's Trial Exhibits 50 through 73, 57A, and 76. These exhibits contained outgoing individual text messages from appellant to Amy, Rose, and another person, and a few incoming text messages from Amy to appellant that Amy had specifically testified about. All other text messages were redacted.

Because the unredacted text messages filed with appellant's PCR petition were not contained in the trial record, appellant's ineffective-assistance claims could not have been fully addressed on direct appeal. See Blanton, 2022-Ohio-3985 at ¶ 66. "[W]hen a claim of ineffective assistance is based on counsel's failure to present evidence during the trial-court proceedings, and that evidence is not proffered or otherwise contained in the trial record, it is almost invariably the type of claim that cannot be meaningfully adjudicated in a direct appeal." Id. Nonetheless, we find that the trial court did not abuse its discretion in dismissing Grounds 1 and 4 because the evidence, if believed, does not present a substantive ground for relief.

Instead of presenting the text messages attached to appellant's PCR petition at trial, trial counsel pursued an alternate strategy to show that appellant and Amy were in a relationship and that appellant was not forcing Amy to do things against her will. Trial counsel asked Amy about renting a hotel room in her name, where her boyfriend and children stayed, and inquired about her "Jack of all trades" work she performed during the time frames in the indictment (such as cleaning houses, painting, and lawn care). Trial counsel cross-examined Amy about her ability to run errands for her children in her father's car, unaccompanied by appellant. In an effort to impeach Amy's testimony she was not and "would never be in a relationship with" appellant, trial counsel asked her about a specific statement she had made to appellant telling him that he got on her nerves but that she still wanted to see him and that his craziness was attractive to her. Trial counsel introduced the text message when Amy denied making the statement. Additionally, trial counsel argued in closing arguments that appellant and Amy were in a relationship, that it was a love triangle between appellant, Amy, and Rose, and that Rose was jealous of the relationship between appellant and Amy.

Furthermore, appellant's PCR petition does not address whether the introduction of the text messages attached to the PCR petition would

11

have "opened the door" to the introduction of the text messages the trial court excluded pursuant to trial counsel's objection. The record suggests that counsel's effort to establish the relationship between appellant and Amy through witness examination rather than risk admission of the text messages unsuccessfully offered by the state was legitimate trial strategy and not ineffective assistance of counsel. Appellant's PCR petition includes no evidence to suggest otherwise.

Appellant has therefore failed to set forth facts sufficient to show that his trial counsel performed deficiently or that there is a reasonable probability that the result of the trial would have been different if the text messages attached to appellant's PCR petition had been presented to the jury. Appellant's first and fourth assignments of error are overruled.

*State v. Barron*, 2023-Ohio-1249, ¶¶ 28-34 (Ohio App. 12th Dist. Apr. 17, 2023). Barron appealed from this decision to the Ohio Supreme Court, but raised only the assignment of error that his claims were not barred by *res judicata*, an issue on which he had won in the Twelfth District (Memorandum in Support of Jurisdiction, ECF No. 21, Ex. 46, PageID 935). The Ohio Supreme Court declined to exercise jurisdiction. *Id.* at Ex. 48, but Barron's procedural default consists in his never having raised the merits of his ineffective assistance of trial counsel claims to the Ohio Supreme Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

These two Grounds for Relief also fail on the merits because the Twelfth District's decision is a reasonable application of the *Strickland* standard. As the Twelfth District found, trial counsel chose an alternative strategy for impeaching Amy's testimony. While it did not persuade the jury, it was nonetheless a reasonable strategy.

**Ground Two: Ineffective Assistance of Counsel**

In his second proposed Ground for Relief in the Second Petition, Barron asserts his trial attorney provided ineffective assistance when he did not investigate Alisha Osner's claims, failed

to prevent perjured testimony, and failed to hire a consulting expert.  This was the third ground for relief in Barron's Post-Conviction Petition.  The Twelfth District decided it as follows:

> In Ground 3 of his PCR petition, appellant argued that his trial counsel was ineffective because he failed to hire a criminal investigator after the trial court granted counsel's motion to appropriate funds for an investigator. Appellant asserted that had trial counsel hired the investigator, the latter would have discovered that Backpage was shut down in 2018, months before the time periods in the indictment, and would have reviewed appellant's cellphone and obtained the text messages addressed in appellant's first and fourth assignments of error. The trial court dismissed Ground 3 on the ground of res judicata because appellant could have raised this issue of ineffective assistance of counsel on direct appeal.

> We find no abuse of discretion in the trial court's dismissal of Ground 3. Appellant's claim of ineffective assistance regarding trial counsel's failure to hire an investigator was primarily based on appellant's motion for appropriation of funds for an investigator, which the trial court granted, and which was therefore evidence in the trial record. Thus, appellant could have raised on direct appeal his trial counsel's failure to hire an investigator based on the original record. See *State v. Osie,* 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588 (addressing on direct appeal in a capital case defendant's claims of ineffective assistance related to trial counsel's failure to hire an investigator despite being granted funds and failure to retain a mitigation specialist). The trial court did not abuse its discretion in dismissing Ground 3 on res judicata ground.

> Even if res judicata does not bar appellant's claim, his PCR petition does not state a substantive ground for relief. Appellant did not present any evidence to support his claim that trial counsel did not hire or use the investigator and a reviewing court "will not infer a defense failure to investigate from a silent record." *State v. Thompson*, 141 Ohio St. 3d 254, 2014-Ohio-4751, ¶ 247, 23 N.E.3d 1096. Furthermore, "[a]n attorney's decision not to hire an investigator does not equate to a failure to investigate and result in ineffective assistance of counsel." *Id*. The record shows and trial counsel represented to the trial court that he had received discovery from the state. Such discovery included the text messages addressed in appellant's first and fourth assignments of error. At trial, trial counsel used a few incoming text messages from Amy to appellant that she had specifically testified about and moved to exclude all other text messages from third parties, resulting in their redaction. Detective Wyss testified that Backpage was no longer in operation.

> Evidence of what the investigator would have discovered was therefore cumulative to evidence that was available and presented at trial.
>
> Appellant's third assignment of error is overruled.

*State v. Barron, supra*, at ¶¶ 53-56.

As the Twelfth District concluded, this Ground for Relief is barred by *res judicata*. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Apart from the *res judicata* bar, the Twelfth District found Barron had presented no evidence of what the investigator would have found that was not cumulative to evidence presented at trial. Backpage.com was, while it existed, a well-known website advertising persons who would engage in prostitution. Eventually the government was successful in shutting it down. But Amy's testimony that Barron had advertised her as available for sex for hire was not so definite as to date or internet address that presenting the exact date Backpage.com was shut down would have significantly undermined her testimony. Moreover, specific testimony about Backpage.com would likely have reinforced Barron's sex trafficking conduct in the jury's minds.

Barron's second proposed Ground for Relief is procedurally defaulted on Ohio *res judicata* grounds and without merit because the Twelfth District's rejection is a reasonable application of *Strickland*. Therefore his motion to amend to add that ground for relief is DENIED.

14

**Ground Three: Ineffective Assistance of Counsel**

In his Third Proposed Ground for Relief, Barron asserts he received ineffective assistance of trial counsel when his trial attorney failed to hire the consulting expert for whom he had sought and received funding.

This proposed Ground for Relief is procedurally defaulted by Barron's failure to appeal on the merits to the Ohio Supreme Court from the Twelfth District's denial. Here again he appealed as if he had been found barred by *res judicata* in the Twelfth District, but he won on that issue in the appeals court. Moreover, the Twelfth District's decision on the merits is a completely reasonable application of *Strickland*. Barron's Second Petition request to add his proposed Third Ground for Relief is DENIED.

**Ground Five: Denial of Due Process**

In his proposed Fifth Ground for Relief, Barron asserts he was denied due process when the State failed to disclose impeachment evidence as required by *Brady v. Maryland*, 373 U.S. 83 (1963); *Strickler v. Greene*, 527 U.S. 263, 280-82 (1999); and *Giglio v. United States*, 405 U.S. 150, 153 (1972).

The Second Petition, construed as a motion to amend, is denied with respect to this proposed Fifth Ground for Relief. Barron makes no statement of what impeachment evidence was allegedly not revealed and thus has failed to give Respondent fair notice of his claims.

**Conclusion**

In obedience to the mandate the Court has considered Barron's Second Petition as a motion to amend and found it wanting in all respect under Fed.R.Civ.P. 15.  The Second Petition is therefore DENIED.

March 12, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge